■ In the Matter of RAILROAD MAINTENANCE CORP., Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. —In a proceeding pursuant to CPLR article 78 to review a determination by the New York City Transit Authority awarding a contract to Atlas Services Corporation, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Hutcherson, J.), dated September 15, 1988, which declared the contract void and directed all work and payments thereunder to cease.

Ordered that the order and judgment is affirmed, with one bill of costs.

Public Authorities Law § 1209 (7) provides, in pertinent part: "7. Except as otherwise provided in this section, all purchase contracts for supplies, materials or equipment involving an estimated expenditure in excess of ten thousand dollars and all contracts for public work involving an estimated expenditure in excess of twenty-five thousand dollars shall be awarded by the authority to the lowest responsible bidder after obtaining sealed bids in the manner hereinafter set forth. For purposes hereof, contracts for public work shall exclude contracts for personal, engineering and architectural, or professional services. The authority may reject all bids and obtain new bids in the manner provided by this section when it is deemed in the public interest to do so or, in cases where two or more responsible bidders submit identical bids which are the lowest bids, award the contract to any such bidders or obtain new bids from such bidders. Nothing herein shall obligate the authority to seek new bids after the rejection of bids or after cancellation of an invitation to bid". The respon-

·dent New York City Transit Authority (hereinafter the NYCTA) claims that the subject contract to remove scrap rail panels did not constitute public work, hence it was not required to submit it for competitive bidding.

We disagree. Significantly, the Legislature excluded contracts for personal, engineering and architectural or professional services from the coverage of Public Authorities Law § 1209 (7). Where a statute contains exceptions as to certain matters, the specific mention of those exceptions generally implies the exclusion of others (McKinney's Cons Laws of NY, Book 1, Statutes § 240). Moreover, the purpose of the contract was to preserve the condition of public property. Thus, the Supreme Court was correct in concluding that the subject agreement was a contract for public work and should have been competitively bid (see, e.g., Matter of District Council No. 9 v Metropolitan Transp. Auth., 115 Misc 2d 810, affd 92 AD2d 791). Since the NYCTA failed, inter alia, to obtain sealed bids, the Supreme Court was also correct in effectively annulling the determination to award the contract to Atlas Services Corporation.

We have examined the appellants' remaining contentions and find them to be without merit. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.